IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01397-MSK-MJW

DARRELL STOFFELS,

Plaintiff,

v.

CHRISTINE M. ARGUELLO and
MICHAEL E. HEGARTY,

Defendants.

---

# RECOMMENDATION ON
# MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT
# (Docket No. 13)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was referred to the undersigned pursuant to an Order of Reference to Magistrate Judge issued by Judge Marcia S. Krieger on June 24, 2010 (Docket No. 2), and the letter of reassignment dated July 1, 2010 (Docket No. 8).

The pro se plaintiff, Darrell Stoffels, is a defendant in a criminal action (Criminal Case No. 10-mj-01055-BNB, now Criminal Case No. 10-cr-00197-CMA) brought in this district for failure to file tax returns. The operative pleading is the plaintiff's "Complaint for Trespass and Trespass on the Case (Verified)" (Docket No. 1) in which U.S. District Judge Christine M. Arguello and U.S. Magistrate Judge Michael E. Hegarty are named as defendants. Plaintiff brings state law

claims of trespass, trespass on the case, and vicarious liability, which appear to be based upon defendants' alleged actions taken during the course of the criminal proceedings. The court takes judicial notice of the docket in Criminal Case Nos. 10-mj-01055-BNB and 10-cr-00197-CMA. The docket reflects that a jury trial was held in June 2010, and plaintiff here was found guilty on all three counts of an Information charging him with failure to file a tax return. Sentencing is now set for November 12, 2010, at 9:00 a.m. before Judge Arguello. (See Order to Continue Sentencing, Docket No. 84 in 10-cr-00197-CMA).

Before the court is a motion to substitute the United States of America for the defendants. (Docket No. 13). This court directed plaintiff to file a response thereto on or before September 26, 2010 (see Docket No. 15), but plaintiff has not filed a response. The court has carefully considered the motion as well as applicable Federal Rules of Civil Procedure and case law and the court's file. The court now being fully informed makes the following findings, conclusions, and recommendation that the motion to substitute be granted.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not]

the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

The United States of America moves to have the United States substituted as the defendant for all purposes of the Complaint pursuant to 28 U.S.C. § 2679(b)(1), asserting the following. At the time of the incident alleged in the Complaint, defendants were employees of the United States. Both defendants have been certified to be federal employees acting within the scope of their federal employment with respect to the issues raised in the plaintiff's Complaint. A Certificates of Scope of Employment has been filed (Docket No. 13-1). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment. In addition, the FTCA, 28 U.S.C. § 2679(d)(1), provides that upon certification by the Attorney General or his delegated representative that a federal employee was acting within the scope of employment at the time of the incident out of which the claim arose, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as sole defendant for said claim. The Attorney General has delegated certification authority to the Assistant Attorney General in charge of the Civil Division, and the latter has re-delegated certification authority to the United States Attorneys. Here, the United States Attorney for this District, David Gaouette, has made such a certification with regard to both named defendants.

Based on the above, it is recommended that the United States be substituted as the sole defendant in this action for the claims against Judge Arguello and Judge

Hegarty. In the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, Congress amended the Federal Tort Claim Act (FTCA) to clarify that:

> The remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred. . . . .

28 U.S.C. 2679(b)(1); <u>Herlik v. Knight</u>, 2008 WL 185521, at *1 (D. Colo. Jan. 18, 2008). Here, it is undisputed that both defendants were employees of the federal government during the times at issue. The United States is the proper party instead of these defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Substitute the United States of America as Defendant (Docket No. 13) be granted and thus that the caption of this case be amended to reflect the United States of America as the sole defendant and removing as defendants Judge Arguello and Judge Hegarty.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 30, 2010                         <u>s/ Michael J. Watanabe</u>
       Denver, Colorado                       Michael J. Watanabe
                                                 United States Magistrate Judge