IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01397-MSK-MJW

DARRELL STOFFELS,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on Defendant the United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) **(#31)**, to which no response was filed. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court has putative subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), which grants jurisdiction to the district courts for any action against the United States for money damages resulting from the negligent or wrongful act of an employee while acting within the scope of his employment.[1]

---

[1] The government and the Magistrate Judge have construed Mr. Stoffels' complaint as asserting state tort law claims; to the extent that the claims could be liberally construed to assert civil rights claims, jurisdiction would be proper under 28 U.S.C. § 1331. Because the issues are resolved pursuant to the doctrine of judicial immunity, *see infra*, the Court need not resolve whether the asserted claims are based on state or federal law.

## II.   Issue Presented

In this action, Mr. Stoffels alleges that he was injured by the actions of two judges during criminal proceedings against him in the United States District Court for the District of Colorado. The United States, substituted as the party in interest for the individual judges **(#30)**, raises the defense of judicial immunity.  The issue, therefore, is whether Mr. Stoffels has provided sufficient allegations and/or argument to overcome the application of this defense.

## III.   Material Facts

The Court takes judicial notice of the records in Criminal Action Nos. 10-mj-01055-BNB and 10-cr-00197-CMA, the two cases upon which this case is based.  *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1362 (10th Cir. 2010) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may take judicial notice of prior court proceedings when the prior litigation is closely related to the case before it)).  In addition, construing Mr. Stoffels's allegations most favorably to him, the Court finds that the Complaint **(#1)** alleges the following facts.

In March 2010, a three-count information was filed against Mr. Stoffels for failure to file his tax returns in various years, a violation of 26 U.S.C. § 7203.  The case was drawn to Judge Christine M. Arguello.  After a two-day trial in June 2010, a jury found Mr. Stoffels guilty on all three counts.  On November 18, 2010, Judge Arguello sentenced Mr. Stoffels to a total term of imprisonment of 27 months, one year of supervised release, a fine in the amount of $6,106.21, and restitution in the amount of $48,317.30.

Mr. Stoffels brought this action during the pendency of his criminal action, before either his jury trial or sentencing.  He facially asserted three claims against Judge Arguello, who was

the presiding judge in his criminal case, and Magistrate Judge Michael E. Hegarty, who presided over certain pre-trial hearings in the criminal action: (1) trespass; (2) trespass on the case; and (3) vicarious liability.  The contours of these claims are not entirely clear, but it is clear that the claims are generally tort claims for injuries he alleges he sustained during the criminal proceedings.  Overall, Mr. Stoffels' complaint is that he was ultimately prosecuted in the criminal action, when he clearly contested the jurisdiction and the authority of the Court and the particular judges to proceed on the criminal information against him.[2]  As a remedy, he seeks damages, injunctive relief, and declarations that the Defendants acted unlawfully.

The United States of America moved to be substituted as the sole defendant in the action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1) **(#13)**.  The Court referred this to the Magistrate Judge for a recommendation, which was provided **(#16, 17)**.  The Court adopted the Recommendation **(#16, 17)** and granted the United States' Motion **(#13)**.  *See Salmon v. Schwarz*, 948 F.2d 1131, 1141–42 (10th Cir. 1991) (holding that when tort claims are brought against federal employees for actions they took in the scope of their employment, the FTCA grants the employees absolute immunity and requires the plaintiff to bring the claims against the United States).  Accordingly, the sole defendant in this action is now the United

---

[2] In particular, he alleges that the Defendants negligent and/or willfully caused him to be unlawfully held on a personal recognizance bond, unlawfully charged with counts in an "information," had a plea of not guilty forcibly entered on his behalf, caused him to "lose his court" by force, and had the lawful and orderly due process of the court interfered with. Additionally, he alleges that the Defendants have, without good cause or jurisdiction, demanded that Mr. Stoffels provide private and confidential information, without trial or due process; that they have taken or caused the taking of his personal property without jurisdiction; and that they have unlawfully proceeded with the criminal action including setting hearing and trial dates. Again, while given titles indicating that the claims are asserted as state tort law violations, the allegations might plausibly be interpreted as a claim for violation of Mr. Stoffel's federal civil rights. Nonetheless, the judicial immunity analysis would be the same.

States.

## IV.   Analysis

Generally, the United States is immune from suits unless authorized by Congress.  *See Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006).  In the FTCA, Congress expressly waived the United States' sovereign immunity for claims against the government based on injuries or loss of property caused by the negligent or wrongful act or omission of governmental employees, while they were acting within the scope of their employment, if a private person would be so liable for the actions.  *See* 28 U.S.C. § 1346(b)(1).  This waiver, however, is expressly limited by the terms of the FTCA; accordingly, the jurisdiction to entertain suits against the government are also so limited.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Saint-Guillen v. United States*, 657 F.Supp.2d 376, 380 (E.D. N.Y. 2009); *In re Franklin Savings Corp.*, 385 F.3d 1279, 1289 (10th Cir. 2004) (noting that a district court's subject matter jurisdiction under the FTCA is limited by a number of conditions, including the statute of limitations).  As pertains to this case, the FTCA provides that the United States is entitled to assert "any defense based on judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim."  *See* 28 U.S.C. § 2674.  Accordingly, the assertion of the defense of judicial immunity is often treated as a jurisdiction issue.  *See Saint-Guillen*, 657 F.Supp.2d at 380; Conlin & Cusimano, Litigating Tort Cases § 66:12.

In this case, the United States argues that Mr. Stoffels claims are barred by the doctrine

of judicial immunity.³  Generally, this doctrine holds that a judge is immune from suit for acts taken within his or her judicial capacity.  *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).  To overcome this immunity, a plaintiff must demonstrate either that (i) the actions complained of were outside the judge's judicial capacity; or (ii) the judge acted in "complete absence of all jurisdiction."  *See Mireles v. Waco*, 503 U.S. 9, 11 (1991); *see also Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999) (holding that a plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim).

Mr. Stoffels has not responded to the Motion to Dismiss and, therefore, has failed to make any showing or provide any argument that the defense of judicial immunity is not applicable to this case.  Moreover, the allegations in the Complaint are insufficient to demonstrate that the judges were either acting outside their judicial capacity or in complete absence of all jurisdiction.  As to the former, to determine whether an action is within a judge's judicial capacity, a court looks to whether the action is "a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *See Mireles*, 502 U.S. at 12.  Here, the actions of which Mr. Stoffels complains were taken during the proceedings in a criminal action against him.  In all instances, Judge Arguello and Magistrate Judge Hegarty were performing judicial functions—they were determining bonds, taking pleas, setting dates for pre-trial hearings and trial.  Indeed, these are precisely the functions that are normally handled by a judge and expected to be performed by a judge. Accordingly, there is nothing in the Complaint to suggest that either judge took any action

---

³ The United States raises other arguments in its Motion to Dismiss, but as the Court determines that judicial immunity bars all of Mr. Stoffels's claims, it need not address these arguments.

outside of their judicial capacities.

As to the latter, denial of immunity based on the action being taken in "complete absence of all jurisdiction" requires more than that the action be taken in error, done maliciously, or in excess of the judge's authority. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Indeed, as the standard itself requires, the action must be taken in the *clear* absence of *all* jurisdiction. Here, although Mr. Stoffels contested the court's jurisdiction to proceed on the criminal charges against him during the criminal proceeding itself, there is nothing on which to conclude that such an allegation had any merit. The information against Mr. Stoffels was for unlawful acts under a law of the United States, 26 U.S.C. § 7203, and was appropriately supported with an information and prosecuted in federal court. Indeed, the district courts have original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231; *see United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011). Accordingly, Judge Arguello and Magistrate Judge Hegarty's actions in proceeding on these charges cannot be said to have been in the absence of all jurisdiction. As the allegations in the Complaint support neither of the exceptions to judicial immunity, the immunity protects the United States from liability based on the actions of Judge Arguello and Magistrate Judge Hegarty, its employees.[4]

**IT IS THEREFORE ORDERED** that

(1) The United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P.

---

[4] Notably, this analysis is identical to the one that the Court would undertake if it were to view the motion as one under Rule 12(b)(6). Viewing the allegations in the Complaint as true, the Complaint fails to set forth sufficient facts from which it is possible to deduce that the Judge Arguello and Magistrate Judge Hegarty were acting outside their judicial capacities or that they were acting in the complete absence of all jurisdiction. Accordingly, regardless of whether the defense of judicial immunity is considered a jurisdictional issue, dismissal of the claims is appropriate.

12(b)(1) and 12(b)(6) (#31) is **GRANTED**. The claims asserted by Plaintiff Darrell Stoffels are **BARRED BY THE DOCTRINE OF JUDICIAL IMMUNITY**.

(2)     The Clerk of Court shall close this case.

Dated this 7th day of September, 2011

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge